UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA B.,

               Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C20-6001-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1976, has at least a high school education, and previously worked as a receptionist, child monitor, slot key attendant, child care attendant, cashier, and sales attendant. AR 36. Plaintiff was last gainfully employed in November 2014. AR 24.

On May 16, 2018 Plaintiff applied for benefits, alleging disability as of January 30, 2013. AR 22. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on September 24, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 19-44. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed this decision for judicial review. Dkt. 4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since November 20, 2014.

**Step two**: Plaintiff has the following severe impairments: obesity, Crohn's disease, lumbago, arthritis, sciatica, degenerative disc disease, bursitis, history of hernia repair, psoriasis, diabetes, hypertension, bipolar disorder, anxiety disorder, and personality disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work subject to a series of further limitations.

**Step four**: Plaintiff is unable to perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 24-38.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---
[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by rejecting her testimony concerning Crohn's disease and, in turn, by fashioning an underinclusive RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred by Discounting Plaintiff's Testimony

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged and therefore was required to provide "specific,

clear, and convincing" reasons supported by substantial evidence to discount her testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "she had uncontrolled Crohn's disease. She testified she had bowel movement accidents. She stated her bowel flare-ups (diarrhea, cramping, swelling) were triggered by movement, high levels of stress and certain foods. She testified using the toilet for up to 30 minutes. She stated she needed to lie down 2 to 3 times per day to alleviate her stomach cramps. She testified she had 'blow out accidents' where she needed to change clothes once a week, since her surgery. She testified her bowel movements were unpredictable." AR 27.

The ALJ first discounted Plaintiff's "allegations of debilitating symptoms and limitations related to her Crohn's disease" as "inconsistent with the medical evidence." AR 32. In support, the ALJ pointed to treatment providers noting Plaintiff (1) "was negative for gastrointestinal symptoms including bowel incontinence and abdominal pain" and (2) "had unremarkable abdominal exams." *Id*. The ALJ found these "[i]nconsistencies undermine the weight that can be given to the claimant's symptom reports." *Id*. As to the first alleged inconsistency, the records on which the ALJ relies predate Plaintiff's February 2018 hospitalization, after which the record makes clear Plaintiff's Crohn's-related symptoms increased in frequency and intensity. *See, e.g.*, AR 489, 1334, 1338. As to the second alleged inconsistency, the ALJ's finding is legally erroneous and contradicts the ALJ's finding at step two that Plaintiff's Crohn's disease is "severe." *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong."). Plaintiff's providers assessed her Crohn's disease as "complicated" with "flare[s]." AR 492, 503.

In light of this, having "unremarkable abdominal exams," at times, is not mutually exclusive with having, at other times, severe symptoms of Crohn's disease, especially during flare-ups of the condition. The ALJ must explain how the medical evidence contradicts the claimant's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Furthermore, the ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [her] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). Because the ALJ failed to do so, the ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

The ALJ next discounted Plaintiff's testimony on the ground "the medical evidence shows that medication/treatment was effective controlling [*sic*] the claimant's Crohn's disease." AR 32. Substantial evidence does not support this finding. Apart from medical evidence predating Plaintiff's hospitalization, which, as discussed above, is not probative, the ALJ first indicated Imuran "was typically good at keeping her Crohn's disease in remission." AR 32. The ALJ's finding misstates the record. As Plaintiff correctly points out, Plaintiff's provider noted "Imuran is typically good at keeping patient in remission, but not treating active disease. As [Plaintiff's] Crohn's disease has flared on Imuran, this likely indicates that she is going to need additional biologic therapy." AR 1483. The ALJ thus erred by inaccurately portraying the record. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Second, the ALJ found "[i]n May 2019, a treatment provider noted that after starting a biologic medication she had clinical signs of improvement with her Crohn's disease including more formed bowel movements and weight gain." AR 32. However, neither "sign[]

of improvement" contradicts Plaintiff's testimony concerning the frequency or duration of her bathroom usage. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Third, the ALJ discounted Plaintiff's testimony as inconsistent with her activities. The ALJ indicated Plaintiff, among other things, "bathed, toileted, dressed and ate independently" and reported "preparing her own meals," "performing household chores such as laundry, sweeping, light cleaning and dishes," and "spending time with others by talking on the phone, messaging on computer, and visiting in person." AR 33. However, Plaintiff's minimal activities do not undermine her claims concerning her Crohn's-related symptoms. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Further, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603); *see also Dix v. Sullivan*, 900 F.2d 135, 138 (8th Cir. 1990) ("Since her Crohn's disease became active in 1985, Dix has suffered from frequent flare-ups, and although she is sometimes without symptoms, she is not capable of working on a regular basis. Although Dix can occasionally go fishing or engage in some light activities, sporadic or transitory activity does not disprove disability. The record establishes that although Dix receives

occasional reprieves from her pain and symptoms, she is not capable of holding a job for a significant period of time.") (cleaned up). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's work activities performed following the alleged onset date. AR 34. The ALJ found Plaintiff's childcare "November 2014 to 2016" and from February 2016 to May 2017 "undermine the weight that can be given to the claimant's symptom reports." AR 34. While Plaintiff's work activity during these periods may contradict contemporaneous symptom reports relating to Plaintiff's other impairments, it is of no moment in the context of Plaintiff's Crohn's disease, which, as discussed above, worsened following her February 2018 hospitalization. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

**B.     RFC**

Because the ALJ misevaluated Plaintiff's testimony, the ALJ will necessarily need to determine, on remand, whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's assignment of error regarding the RFC. *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

//

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 13th day of July, 2021.

S. KATE VAUGHAN
United States Magistrate Judge